# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| ROBERT BAISE, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cv-01402-LCB-JHE |
| | ) | |
| WARDEN DEBORAH TONEY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Petitioner Robert Baise, Jr. filed a petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254, challenging his 2011 convictions and two 20-year sentences for

unlawful distribution of a controlled substance following his guilty pleas.  (Docs. 1,

6, 8; Doc. 9-1 at 12–17).  On June 24, 2022, the Magistrate Judge entered a Report

recommending the Respondents' Motion for Summary Dismissal concerning

Baise's 2011 convictions and sentences be granted.  (Doc. 28).  To the extent Baise

challenges his 2017 Community Corrections revocation, the Magistrate Judge

recommended that those claims be dismissed without prejudice under 28 U.S.C. §

2244(b)(3)(A) based on the court's lack of subject-matter jurisdiction.  (Doc. 28).

On July 11, 2022, the Court received Baise's objections to the Report and

Recommendation.  (Doc. 29).  On July 14, 2022, the Court received Baise's Motion

to Amend his objections.  (Doc. 32).  Upon due consideration, the Court **GRANTS**

Baise's motion to Amend his objections and considers Baise's objections together. (Docs. 29 & 32).

Baise's objections are not a model of clarity. He conflates his challenges to his 2011 convictions and two 20-year sentences with arguments concerning his 2017 Community Corrections revocation. (Doc. 29 at 3, 13, 15; Doc. 32 at 1–5). Baise's challenges to his 2011 convictions and sentences are clearly barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(A), and he has alleged no facts demonstrating that he is entitled to statutory or equitable tolling. At most, Baise repeats his assertion that he is entitled to equitable tolling because he was not aware that the Alabama Court of Criminal Appeals had dismissed the appeal of his habeas corpus/Rule 32 petition in 2019. (Doc. 29 at 9–12). But as the Magistrate Judge concluded, Baise's limitation period to file a federal habeas petition expired in 2012, and his delay in learning of the Alabama Court of Criminal Appeals' dismissal of his Rule 32 petition in 2019 is not an extraordinary circumstance justifying equitable tolling, (doc. 28 at 7–8). *See Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1072 (11th Cir. 2011).

To the extent Baise invites consideration of his 2017 Community Corrections revocation, this Court is without jurisdiction. In 2018, the Court addressed Baise's challenge to his 2017 Community Corrections revocation in a separate action and determined that his claims were meritless and dismissed the petition with prejudice.

*See Baise v. Estes*, No. 4:18-cv-00994-VEH-JHE, ECF Nos. 19, 20, 21. Accordingly, Baise's attempt to again challenge his 2017 revocation is successive and requires that he first obtain authorization from the Eleventh Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A).

After careful consideration of the record in this case and the Magistrate Judge's Report, the Court **ADOPTS** the Report and **ACCEPTS** the Recommendation. Consistent with that Recommendation, the Court finds that the Respondents' Motion for Summary Dismissal concerning Baise's 2011 convictions and sentences are due to be granted and the claims are due to be dismissed with prejudice. The Court further finds that Baise's challenge to his 2017 Community Corrections revocation is due to be dismissed without prejudice based on lack of subject-matter jurisdiction under 28 U.S.C. § 2244(b)(3)(A).

This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The

Court finds that Baise's claims concerning his 2011 convictions and sentences do not satisfy either standard.[1]

A final judgment will be entered.

**DONE** and **ORDERED** August 3, 2022.

_____

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

---

[1] A certificate of appealability is not necessary to appeal Baise's claims concerning his 2017 Community Corrections revocation since dismissal for lack of subject-matter jurisdiction is not "a final order in a habeas proceeding." *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 n.3 (11th Cir. 2020) (quotation marks and citation omitted).  Rather, such a dismissal is viewed as a "final decision" under 28 U.S.C. § 1291. *Id.*